UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EVERETT THOMAS PEONE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 1:19-cv-00430-BLW<br>Crim. Case No. 1:13-cr-00194-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is *pro se* Petitioner Everett Peone's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1. Peone alleges ineffective assistance of counsel on the grounds that (1) his counsel failed to present evidence of the petitioner's mental illnesses at the revocation hearing and (2) failed to advise him of his right to a direct appeal. Dkt. 1. Petitioner also filed an Emergency Motion for Bail (Civ. Dkt. 4), and an Emergency Motion for Default Judgment (Civ. Dkt. 5). The Court has determined that the evidence in the record is sufficient for a decision on this matter and an evidentiary hearing is not necessary. For the reasons explained below, the Court will deny Petitioner's motions.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On December 18, 2008, Peone was sentenced to 70 months imprisonment and three years of supervised release for the unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Crim. Dkt. 42. On July 22, 2013, the Western District of Arkansas transferred jurisdiction to the District of Idaho. *Id.* On January 22, 2015, Peone's supervised release was revoked and he was sentenced to six months imprisonment, followed by two years of supervised release. Crim. Dkt. 2. On October 9, 2019, this Court sentenced Peone to fourteen months imprisonment for the violation of his supervised release. Crim. Dkt. 42 at 1-2.

The Court was aware of Peone's history of mental health issues beginning at his first revocation hearing. The original presentence report, filed in 2015, stated that the petitioner had "sought treatment for substance abuse and mental or emotional problems," and noted that the petitioner had "a history of anxiety and depression and had taken Prozac, Zolof, and Paxil for these conditions." Crim Dkt. 42. Additionally, Probation's Sentencing Recommendation stated that the petitioner "has a number of issues and problems which will likely be present and plague him for the remainder of his life," including "ongoing mental health issues," "substance abuse problems," and "his choice of community associates." Crim. Dkt. 43.

During sentencing, Peone's counsel argued that Peone had faced many challenges, including drug addiction, and recommended a sentence of twelve months because he never had an opportunity to receive the benefit of proper treatment. *Transcript* at 9, Civ. Dkt. 8-1. Peone also spoke to the Court before the sentence was imposed regarding his mental health, and stated: "I don't have the functional ability, with anxiety, and not becoming frozen with certain decisions, and then reverting back to old behaviors because those are so well engrained in my mind." *Id.* at 13. The Court explicitly recognized Peone's mental health and addiction issues during the hearing. *Id.* at 15.

Peone admitted to two allegations of the supervised release petition and was sentenced to fourteen-months imprisonment with no supervised release to follow. Crim. Dkt. 45 at 1-2. The Court advised the petitioner that he would have fourteen days to appeal the Court's judgment. *Transcript* at 18, Dkt. 8-1.

Peone did not challenge his sentence on direct appeal. Instead, Petitioner filed the current § 2255 motion. Civ. Dkt. 1.

## LEGAL STANDARD

1.  **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of

MEMORANDUM DECISION AND ORDER - 3

his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings, provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See*

**MEMORANDUM DECISION AND ORDER - 4**

Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

**2.     Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668 (1984). There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053,

**MEMORANDUM DECISION AND ORDER - 5**

1056 (9th Cir.2005) (*quoting Strickland*, 466 U.S. at 687)

## ANALYSIS

### A.     Motion for Default Judgment

Peone seeks a default judgment on the grounds that the Government failed to file a timely answer to his motions. However, on January 14, 2020, the Government filed a motion for an extension, which the Court granted. Civ. Dkt. 6. The Court extended the Government's deadline to January 28, 2020. *Id.* On January 23, 2020, the Government filed its response within that deadline. Civ. Dkt. 8. Accordingly, the Court will deny the Petitioner's Motion for Default Judgment.

### B.     § 2255 Motion

In his § 2255 motion, Petitioner brings an ineffective assistance of counsel claim on the grounds that (1) his counsel failed to adequately argue the petitioner's mental health problems at the sentencing and (2) his counsel failed to inform him of his right to appeal the judgment.

#### 1.  Counsel's Alleged Failure to Address the Petitioner's Mental Health Issues During Sentencing

Peone claims he attempted suicide on three occasions, and has since been diagnosed with Type II Bipolar Disorder, anxiety disorders, and chronic depression. Civ. Dkt. 1 at 2. Peone alleges his counsel failed to address these conditions during his sentencing resulting in the prejudice of a higher sentence. *Id.*

at 3-6.

The Court was aware of Peone's history of mental health issues and substance abuse problems. Both the original presentencing report in 2015 and the sentencing recommendation addressed the petitioner's history of mental health issues. Crim. Dkt. 42, 43. Further, during the revocation hearing, Peone's counsel addressed his history of both mental health and substance abuse problems. *Transcript* at 9, Dkt. 8-1. Counsel argued the Peone should receive a sentence of twelve months and one day because he never had the opportunity to receive proper treatment. *Id.* It is true neither Peone nor his counsel advised the Court of his three suicide attempts, but Peone did describe his struggle with anxiety to the Court at the hearing. *Id.* at 13.

Because Peone's counsel, and Peone himself, addressed his mental health issues at the sentencing, the deficient performance prong is not met. Even if counsel's performance was somehow deficient, it did not result in any prejudice given that the Court was sufficiently informed of the petitioner's mental health issues.

### 2. Counsel's Alleged Failure to Inform the Petitioner of his Right to File a Direct Appeal

Peone also alleges his counsel failed to inform him of his right to appeal his sentence, allegedly resulting in his failure to timely file an appeal. Civ. Dkt. 1 at 4.

**MEMORANDUM DECISION AND ORDER - 7**

However, the Court advised the petitioner on record that, "[i]f you disagree with the Court's judgment, of course, you have 14 days in which to appeal. You do that by filing your notice of appeal with the clerk of the court for this district. Otherwise it's waived, meaning it's gone." *Transcript* at 18, Dkt. 8-1. Despite being informed of his right to appeal, Peone does not allege that he asked his counsel to file an appeal on his behalf. There is nothing in the record to show that counsel's performance was deficient. Further, Peone suffered no prejudice as a result of his counsel's alleged failure to repeat to him what the Court already advised.

Accordingly, the Court will deny Peone's § 2255 motion.

### C. Certificate of Appealability

The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006). Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Peone's claims to be debatable or deserving of further

**MEMORANDUM DECISION AND ORDER - 8**

review. Peone failed to demonstrate ineffective assistance of counsel under the *Strickland* test, and cannot show counsel failed to inform the court of his mental health issues, nor that counsel's failure to inform him of his right to appeal, justify relief under § 2255. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in Petitioner's § 2255 motion.

## ORDER

**IT IS ORDERED that:**

1. Petitioner's Motion for Default Judgment (Civ. Dkt. 5) is **DENIED**.

2. Petitioner's § 2255 Motion (Civ. Dkt. 1) is **DENIED**.

3. Petitioner's Emergency Motion for Bail (Civ. Dkt. 4) is **DENIED**.

4. No Certificate of Appealability shall issue.

DATED: June 16, 2020

B. Lynn Winmill
U.S. District Court Judge